**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ned Alan Sandoval, | No. CV-22-08037-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, | |
| Respondent. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition").  The Magistrate Judge to whom this case was referred issue a Report and Recommendation ("R&R") recommending that this Court deny the Petition because it is barred by the statute of limitations.

## I.    Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9ᵗʰ Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

1    [Magistrate Judge's] recommendations to which the parties object."). District courts are

2    not required to conduct "any review at all . . . *of any issue* that is not the subject of an

3    objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C.

4    § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report

5    and recommendation] to which objection is made.").

6             Petitioner filed objections to the R&R. (Doc 14). Respondent replied to the

7    objections. (Doc. 15).

8    **II.    Objections**

9             Preliminarily, Petitioner makes a global objection. (Doc. 14 at 1). Specifically,

10   Petitioner states that he requests, "that this Court [] reject the Recommendations in [their]

11   entirety and grant relief on the Petition for a Writ of Habeas Corpus." (*Id.*). However,

12   global or general objections are insufficient to cause the Court to engage in a de novo

13   review of an R&R. *See Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL

14   2579965, at *7 (S.D. Cal. June 24, 2019); *Warling v. Ryan*, 2013 WL 5276367, at *2 (D.

15   Ariz. Sept. 19, 2013); *Martin v. Ryan*, CV-13-00381-PHX-ROS, 2014 WL 5432133, *2

16   (D. Ariz. October 24, 2014). Accordingly, the Court overrules without further analysis this

17   global objection.

18           The R&R recounts the law governing the statute of limitations under the Anti-

19   Terrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 13 at 3-5). Neither party

20   has objected to this discussion of the governing law, and the Court hereby accepts and

21   adopts it.

22           The R&R concludes that Petitioner did not file this case within the one-year AEDPA

23   statute of limitations. (Doc. 13 at 7). Specifically, the R&R determines that the statute of

24   limitations expired on July 16, 2005, therefore the Petition in this case, filed on March 7,

25   2022, was untimely. (Doc. 13 at 4). Neither party objected to this determination and the

26   Court hereby accepts and adopts it.

27           The R&R recognizes that there is a gateway around the statute of limitations for

28   someone who is actually innocent (Doc. 13 at n.1) and that the statute of limitations is

subject to equitable tolling (Doc. 13 at 5-6).  The R&R concludes that neither of these exceptions to the statute of limitations applies to Petitioner.  (Doc. 13 at 7).  While Petitioner's objections are not exactly clear, Petitioner appears to object to this conclusion.

Because Petitioner states in his objections that he is not trying to overturn his conviction, he is only seeking a sentence reduction (Doc. 14 at 3), the Court finds Petitioner is not arguing for an actual innocence exception to the statute of limitations.  Petitioner does not argue, as it relates to equitable tolling, that any extraordinary circumstances stood in his way that prevented him from timely filing.  *See generally* (Doc. 14).  Instead, Petitioner argues the merits of his underlying claims.  *See generally* (Doc. 14).  Because this case is barred by the statute of limitations and not subject to an exception to the statute of limitations, the Court will not consider the merits of Petitioner's claims.  As a result, the portion of the objections arguing the merits of Petitioner's claims is overruled.

**III.    Conclusion**

All of Petitioner's objections having been overruled, the Court adopts the R&R's conclusion that the Petition in this case is barred by the statute of limitations.  Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 13) is accepted; the Petition is denied and dismissed with prejudice because it is barred by the statute of limitations, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 24th day of August, 2022.

James A. Teilborg
Senior United States District Judge